IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| LINDEMUTH, INC., et al. ) | Case No. 12-23055 |
| ) | (Jointly Administered) |
| Debtors. ) | |

## DEBTORS' MOTION FOR APPROVAL OF OMNIBUS NOTICE PROCEDURES FOR STIPULATED AGREED FINAL CASH COLLATERAL ORDERS

COME NOW Lindemuth, Inc. and affiliated Debtors[1]; (collectively, "Debtors"), and for their Motion for Approval of Omnibus Notice Procedures for Stipulated Agreed Final Cash Collateral Orders (the "Motion"), respectfully represent as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**Background**

2. On November 9, 2012, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

---

[1] By order entered December 6, 2012, the following cases are being jointly administered: Lindemuth, Inc. case no. 12-23055 (lead case); K. Douglas, Inc., case no. 12-23056; KDL, Inc., case no. 12-23057; Bellairre Shopping Center, Inc., case no. 12-23058; Lindy's Inc., case no. 12-23059; and Kent & Vikki Lindemuth as individuals, case no. 12-23060.

4. Debtors Kent and Vikki Lindemuth are the owners of the Debtors that are corporations. The corporate Debtors are owners of various parcels of commercial real estate located mainly in Topeka, Kansas with some properties located in other cities in Kansas and Missouri. The Debtors collectively own approximately 175 properties ("Properties"). Many of these properties are retail establishments and shopping centers. Debtors manage, operate and/or lease the properties. The collective debt on the Properties is approximately $45,000,000.

5. The Court entered an Order allowing joint administration of the Debtors' cases on December 6, 2012.

6. The Debtors' various real properties are mortgaged to multiple secured lenders. Debtors have approximately 15 different secured lenders. Given the large number of secured lenders, it appears most efficient to enter separate and individual stipulated and agreed cash collateral orders.

7. The Debtors filed their original Expedited Motion to Use Cash Collateral ("Cash Collateral Motion") on November 21, 2012 (Doc. 24).

8. The Cash Collateral Motion was served on parties with an interest in cash collateral, secured creditors, the United States Trustee, the Debtors consolidated list of 20 largest unsecured creditors and parties requesting notice in the cases (See Notice of Hearing on Cash Collateral Motion, Doc. 29).

9. The Court held a preliminary hearing on the Cash Collateral Motion on November 27, 2012 and January 3, 2013.

10. Interim authority to use cash collateral was granted on November 27, 2012 and January 3, 2013, by oral order of the Court. A final hearing on cash collateral was set for January 23, 2013, but was not held.

**Requested Relief**

11. By this Motion, Debtors request approval of omnibus notice procedures for the separate and individual stipulated and agreed cash collateral orders that are anticipated.

12. Debtors propose the following notice procedures:

    a. Upon reaching agreement on the use of cash collateral with a particular lender, Debtor shall file an Agreed Order for that respective lender;

    b. Each Agreed Order shall be served on parties with an interest in cash collateral, secured creditors, the United States Trustee, the Debtors consolidated list of 20 largest unsecured creditors and parties requesting notice in the cases;

    c. Creditors and parties in interest shall have seven days from the filing of the Stipulation and Agreed Order to lodge any objections. If no timely objections are filed, the Stipulation and Agreed Order shall be deemed final without further hearing;

    d. If any objections are filed, or a consensual agreement is not reached with any particular lender, Debtor shall obtain a hearing date and file a separate notice of such a hearing date to the same parties listed in subparagraph 12(b) above.

13. The notice procedures set forth above, and the notice provided with the original Cash Collateral Motion, satisfy the requirements of 11 U.S.C. § 363 and Federal Rules of Bankruptcy Procedure 4001 and 6004.

14. Rule 4001(d) outlines the procedures for agreements relating to use of cash collateral, and notes that the Court may

> may direct that the procedures prescribed in paragraphs (1), (2), and (3) of this subdivision shall not apply and the agreement may be approved without further notice if the court determines that a motion made pursuant to subdivisions (a), (b),

or (c) of this rule was sufficient to afford reasonable notice of the material provisions of the agreement and opportunity for a hearing.

15. Pursuant to Rule 4001(d), the Debtors submit, and ask that the Court find, that the provisions of Rule 4001(d)(1)-(3) not apply and that the stipulations and orders on cash collateral be approved without further notice and hearing because the notice of the Cash Collateral Motion, the two hearings on the Cash Collateral Motion, and the opportunity to object to orders allowing cash collateral provide reasonable notice of the material provisions of any stipulated agreement on use of cash collateral and provided opportunity for a hearing.

16. Since the relief sought in the instant Motion is to merely set notice and objection procedures, Debtors request that an Order approving the Motion be entered without separate notice or hearing.

**WHEREFORE,** Debtors respectfully request that the Court enter an approving the proposed notice and objection procedures as described more fully herein, and for such other and further relief as is just and proper.

Respectfully submitted,

LENTZ CLARK DEINES PA

s/ Jeffrey A. Deines
Jeffrey A. Deines, KS #20249
Shane J. McCall, KS #24564
9260 Glenwood
Overland Park, KS  66212
(913) 648-0600
(913) 648-0664 Telecopier
jdeines@lcdlaw.com
smccall@lcdlaw.com
Attorneys for Debtor-in-Possession

## CERTIFICATE OF SERVICE

      I hereby certify that on this 18th day of April, 2013, a true and correct copy of the above and foregoing Motion was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

                                                                 s/Jeffrey A. Deines
                                                                 Jeffrey A. Deines