**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 14th day of October, 2014.**




Robert D. Berger
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS
KANSAS CITY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LINDEMUTH, INC., | ) | Case No. 12-23055 |
| | ) | Jointly Administered |
| Debtor. | ) | |

**AGREED ORDER GRANTING MOTION TO APPROVE PLAN OF
REORGANIZATION IMPLEMENTATION COMPROMISE INVOLVING
CREDIT BID SALES AND TRANSFER OF REAL
PROPERTY, AND ASSUMPTION AND ASSIGNMENT OF LEASES
(SALE NO. 11)**

NOW COMES on the Motion of Lindemuth, Inc. and affiliated Debtors [1] (collectively, "**Debtors**"), to Approve Plan of Reorganization Implementation Compromise Involving Credit Bid Sales and Transfers of Real Property, and Assumption

---

[1] By order entered December 6, 2012, the following cases are being jointly administered: Lindemuth, Inc. case no. 12-23055 (lead case); K. Douglas, Inc., case no. 12-23056; KDL, Inc., case no. 12-23057; Bellairre Shopping Center, Inc., case no. 12-23058; Lindy's Inc., case no. 12-23059; and Kent & Vikki Lindemuth as individuals, case no. 12-23060. The use of the term "Debtor" herein shall constitute a reference to each respective Debtor which holds an interest in or to the Property and/or the Leases subject to this Motion.

and Assignment of Leases (the "**Credit Bid Sale Motion**"). The Debtors appear by and through their counsel, Jeffrey Deines of the firm of Lentz, Clark Deines, PA. Kaw Valley Bank ("**KVB**") appears by and through its counsel, Patricia E. Hamilton of the firm of Stevens & Brand LLP. There are no other appearances.

After being well and truly advised, and upon agreement of the Debtors and Kaw Valley Bank, the Court makes the following findings and orders:

1. On November 9, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code.

2. Debtors are owners of the following properties, all located in Topeka, Shawnee County, Kansas and as more fully described in the title reports prepared by Lawyers Title (the "**Title Report**"): (a) 635 NW Highway 24; (b) 3258 SW Topeka Blvd.; (c) 1101 S. Kansas Ave.; (d) 607 S. Kansas Ave.; (e) 712 SW 6th Ave.; (f) 5200 SW 21st Street; (g) 511 SW Topeka Blvd.; (h)2306 SW 10th ; (i) 5111 NW Highway 24; (j) 110 SW 29th Street; (k) 821 SW 6th Street; (l) 2942 SW Wanamaker Drive; (m) 2119 SW Gage Blvd.; (n) 115 SE 10th Avenue, and (o) 2501 SE California Avenue (as more fully described in the title reports prepared by Lawyers Title, the "**Title Reports**") (collectively, the "**Properties**").[2]

3. The parties stipulate and agree and the Court so orders that the following properties shall be sold in the Auction as authorized by the Order granting the Motion to Approve Plan of Reorganization Implementation Compromise Involving Approval of Sale Procedures and Auction ("**Auction Sale Motion**"): (a) 821 SW 6th; (b) 2501 SE

---

[2] Upon information and belief, Lindemuth Inc. owns: (a) 635 NW Highway 24; (b) 3258 SW Topeka Blvd.; (c) 1101 S. Kansas Ave.; (d) 607 S. Kansas Ave.; (e) 712 SW 6th Ave.; (f) 5200 SW 21st Street; (g) 511 SW Topeka Blvd.; (h) 2306 SW 10th Ave., and (l) 2942 SW Wanamaker Drive; KDL, Inc. owns: (i) 5111 NW HW 24; (j) 110 SW 29th Street; (k) 821 SW 6th Street; (m) 2119 SW Gage Blvd., and (n) 115 SE 10th Avenue; Lindy's Inc. owns: (o) 2501 SE California Avenue.

California; (c) 110 SW 29th Street, and (d) 2306 SW 10th (the "**Additional Auction Properties**"). Contemporaneous with filing this Credit Bid Sale Motion to approve the credit bids and transfers of the Properties to KVB, the Debtors also filed its Auction Sale Motion. The Additional Auction Properties identified herein are only four of the properties listed in the Credit Bid Sale Motion. The Debtors and KVB have determined that the Additional Auction Properties identified above are best sold in accordance with the sale procedures approved herein and at the Auction approved and authorized by the Order on the Auction Sale Motion.

4. KVB (sometimes referred to as "**Lender**") has valid and perfected mortgages on the Properties. The Properties do not represent substantially all of Debtors' assets; instead, the Properties are just a small percentage of approximately 150 real properties owned by the Debtors. The Properties, along with the properties identified in the Auction Sale Motion, along with all other collateral identified in KVB's loan documents, constitute KVB's collateral (the "**Collateral**").

5. In order to acquire the Properties, Debtors sought and received various loans from KVB.

6. KVB has filed proofs of claim reflecting its respective secured position.

7. The Lender's loan documents and mortgages have all been deemed valid and duly perfected according to the Stipulation and Agreed Final Order (I) Authorizing Use of Cash Collateral Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001, (II) Granting Adequate Protection, and (III) Granting Related Relief By and Between Debtor and Kaw Valley Bank (Doc. 218) (the "**Cash Collateral Order**").

3
Case 12-23055   Doc# 604   Filed 10/14/14   Page 3 of 10

8. The Cash Collateral Order included a stipulation and agreement by Debtors and the Court so finds that the Lender's loan documents constitute the legal, valid and binding obligations of the applicable Debtors and that the liens granted pursuant to the loan documents and mortgages are valid and perfected liens encumbering the Properties, as well as the rents, proceeds and profits generated from the Properties, and from any other collateral pledged to KVB now owned or previously owned by any of the Debtors, including but not limited to the rents held in the respective Debtor in Possession accounts (collectively, the "**Rents**"), subject only to any valid real estate liens for unpaid real estate taxes due and that the loans are not subject to avoidance, recharacterization or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law. The Court finds that KVB filed its proofs of claim reflecting that the balance of KVB's secured claim on the Filing Date was $6,966,364.26, plus all fees, expenses, costs and accruing interest as provided in the loan documents (the "**Allowed Secured Claim**") and finds that KVB holds the Allowed Secured Claim which includes interest as provided in the loan documents, fees, costs and expenses, including but not limited to its attorneys fees.

9. No other creditor, other than the Lender, claims an interest in or to the Properties subject to this Motion. Upon information and belief, the Properties are subject to real property leases as set for in Exhibit A to the Credit Bid Sale Motion (the "**Leases**").

10. While the Debtors have employed Allison Vance Moore and Kirsten Flory of Colliers International/Winbury Realty of K.C., LLC as its real estate broker ("**Broker**" or "**Colliers**") to assist in the sale of certain of the Debtors' properties, there are no listing agreements as to any of the Properties subject to the Credit Bid Sale Motion and the

4

Case 12-23055    Doc# 604    Filed 10/14/14    Page 4 of 10

Court finds that no commission or other fees are due to Colliers in regard to the Properties or the transfer of the Properties to KVB.

11. As part of its efforts to finalize its Plan of Reorganization, Debtor has reached a compromise with Lender. As part of that compromise – which is incorporated into the Amended Plan of Reorganization – Debtor has agreed and the Court so orders the Debtors to transfer the Properties to the Lender for, inter alia, a credit against the Allowed Secured Claim. Since time is of the essence and since real estate is involved, the Court finds just cause exists to grant the relief requested in the Credit Bid Sale Motion to effectuate and approve the compromise as set out in the Credit Bid Sale Motion and this Order. The Court order, authorizes and directs the Debtors to execute deeds to the Properties in favor of KVB which transfer shall be free and clear of any and all liens and encumbrances other than KVB's recorded mortgages and the exceptions listed on the Exception section of Schedule B to the Title Reports. The Court finds as to each of the Properties that KVB's properly recorded mortgage constitutes the first mortgage and there is no equity in the Property above KVB's Allowed Secured Claim.

12. The transfer of the Properties shall include the transfer of all Rents and any and all unfunded insurance claims (the "**Insurance Claims**") pending in regard to any of the Properties, as well as copies of all Insurance Claims and all documentation related to the Insurance Claims as well as copies of any of the Debtors' records necessary for KVB to recover the Insurance Claims, provided however, until the Closing the Rents shall be paid to the Debtors and Debtors shall continue to pay KVB adequate protection under the existing terms. To the extent any insurance claims related to any of the Properties have been paid since the Petition Date and any of the Debtors are holding the

5

Case 12-23055    Doc# 604    Filed 10/14/14    Page 5 of 10

funds (the "**Insurance Proceeds**"), the Debtor holding the Insurance Proceeds shall turn over those funds to KVB at or prior to the Closing.

13. It is the business judgment of Debtors, with the concurrence of the Lender, and the Court so orders that the Properties, along with the Rents, Insurance Claims and Insurance Proceeds, shall be transferred to KVB pursuant to the terms of the Credit Bid Sale Motion.

14. The Court has jurisdiction over the subject matter of the Credit Bid Sale Motion pursuant to 28 U.S.C. § 1334(b) and 157. This matter is a core proceeding. 28 U.S.C. § 157(b)(2). Venue in this Court is proper under 28 U.S.C. §§ 1408, 1409. The Credit Bid Sale Motion was filed on October 3, 2014, and served on all parties in interest, other than the tenants of the Leases. On October 6, 2014, the Court entered its Order shortening the time for objection to the Sale Motion to ten (10) days. The Court finds due and proper notice was given in regard to the Credit Bid Sale Motion as to the credit bids and transfers, and no objection or other response has been filed in response to the Credit Bid Sale Motion and the deadline for objection has expired. The parties stipulate and the Court orders that the relief requested in the Credit Bid Sale Motion in regard to the assignment and assumption of the Leases shall be addressed in a supplemental motion to approve the assignment and assumption upon notice to the tenants of the Leases.

15. The Court grants the Credit Bid Sale Motion pursuant to the provisions of Bankruptcy Code §§ 105, 363 and 365 and 1141(c) and Bankruptcy Rules 2002, 6004, 6006 and 9014, and finds and approving the form and manner of notice of the Credit Bid Sale Motion and of the relief requested therein except as to the assignment and assumption of Leases as set forth above, approves and directs the Debtors' credit bid sale and transfer of the Properties, along with the Rents, Insurance Claims and Insurance

Proceeds, to KVB in accordance with the terms of the Credit Bid Sale Motion and this Order, and the order which shall be entered in regard to the assignment and assumption of the Leases.

16. As to each of the Properties, the Court authorizes and orders the parties to close (the "**Closing**") within 45 days of the entry of this Order. The Closing for each transfer will occur at the title company, Lawyers Title of Topeka, Inc., 5715 SW 21st Street, Topeka, Kansas (the "**Title Company**"). The Lender and Debtors agree and the Court so orders that the Closing may be extended for an additional 30 days on the written agreement of the parties for good cause.

17. The transfer of each of the Properties shall be free and clear of all liens, claims and interests against the respective Property, except those of record and referenced in Schedule B, Section 2 "Exceptions" to the Title Report.

18. For the sole purpose of executing all documents necessary to conclude the and/or to effectuate the Closing in regard to any of the Properties, an executive of the Lender is designated as attorney in fact for the Debtor listed as the record titleholder as to each of the Properties at the respective Closing and shall be authorized and empowered to execute all documents necessary to effectuate the Closing of the sale of each of the Properties under the terms and conditions of the Credit Bid Sale Motion and this Order, including but not limited to the assignment of the Leases as further ordered pursuant to the supplemental motion and order authorizing and direction the assignment and assumption of the Leases.

19. Under the circumstances, the Court finds that cause exists to shorten the deadline for objection to the Credit Bid Sale Motion and has so ordered the deadline for objection is limited to ten (10) days and further finds that the deadline for objection has

7

Case 12-23055    Doc# 604    Filed 10/14/14    Page 7 of 10

expired and no objection has been filed. The Court further finds and orders that this Order shall be binding on the parties and in full force and effect regardless of the status of the confirmation of the Debtors' plan of reorganization and that the Order shall survive and remain fully enforceable and binding on the parties in the event any of the cases are dismissed or converted to any other Chapter under the Bankruptcy Code.

20. In the event the Lender becomes the owner of any of the Properties under this Order, the Lender's mortgages shall not merge or be extinguished, released or satisfied as a result of the transfer resulting from the credit bid, but shall survive the Closing.

21. For all of the foregoing reasons, the Court finds that the transfer of the Debtors' Properties as provided in the Credit Bid Sale Motion and this Order is imperative and is in the best interests of the Debtors and the Bankruptcy Estate.

22. The parties agree and stipulate and the Court so orders that KVB's security interest continues in all Rents and any and all Insurance Claims pending in regard to any of the Properties, as well as copies of all Insurance Claims and all documentation related to the Insurance Claims as well as copies of any of the Debtors' records necessary for KVB to recover the Insurance Claims. To the extent any insurance claims related to any of the Properties have been paid since the Petition Date and any of the Debtors are holding the funds, the Debtor holding the Insurance Proceeds shall turn over those funds to KVB at or prior to the Closing.

23. The parties agree and stipulate and the Court so orders that the Debtors' insurance company(ies) shall be authorized and directed to provide information and documentation as requested by KVB directly to KVB without the requirement of any further authorization or approval of the Debtors in regard to any Insurance Claims related

8

Case 12-23055    Doc# 604    Filed 10/14/14    Page 8 of 10

to any of KVB's Collateral for insurance claims which were pending on the Filing Date or arose after the Filing Date. The parties further agree and stipulate and the Court so orders that any Insurance Proceeds in regard to any of KVB's Collateral shall be made payable to KVB and, to the extent that any insurance proceeds are made jointly payable to any of the Debtors and KVB or to the Debtors, then KVB shall be granted authority to endorse and negotiate such payment as to any Insurance Claims related to KVB's Collateral.

24. It is the intent of the parties and the order of this Court that the Debtors that KVB shall receive all of its Collateral, whether in the form of a transfer and/or sale of each of the Properties or in the form of proceeds, cash or other claims, rights or interests of whatever nature or kind, including but not limited to its Rents, the Insurance Claims, and any other claims related to any of the Collateral to which any of the Debtors may be entitled, as a part of the Debtors' amended plan. The parties stipulate and agree and the Court so orders that KVB is not surrendering or releasing its lien and security interest in any of its Collateral, but it is the parties intent that this Order, the order on the Auction Sale Motion, the Debtors' amended plan, and any confirmation order entered in these cases shall encompass all of KVB's Collateral whether specifically listed herein or in the Auction Sale Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that this Court's findings are hereby made its order and that the Credit Bid Sale Motion is granted as set forth above.

IT IS SO ORDERED.

# # # #

Submitted & approved by:

LENTZ CLARK DEINES PA

s/ Jeffrey A. Deines
Jeffrey A. Deines, KS #20249
9260 Glenwood
Overland Park, KS 66212
(913) 648-0600
(913) 648-0664 Telecopier
jdeines@lcdlaw.com
Attorneys for Debtors-in-Possession

Approved by:

STEVENS & BRAND, LLP

s/ Patricia E. Hamilton
Patricia E. Hamilton, #13263
917 SW Topeka Blvd.
Topeka, KS 66612
785-408-8000; Fax 785-408-8003
PHamilton@stevensbrand.com
Attorneys for Kaw Valley Bank